GReen J.
It is insisted by thte counsel for plaintiff in error, that the court erred in this charge; especially when the jury were told that the “defendant may be proved to have executed this bond by implication.” In this sentence the judge meant, that although there be no positive evidence that a party executed a bond, such as the evidence of subscribing witnesses, or proof of his handwriting, yet, as it is not essential that he should write his own name to a bond, in order to make it his, if facts were proved amounting to an acknowledgement on the part of defendant that it was his bond, the jury might infer that it was executed by him. In the case put by the judge, at the conclusion of which, he told the jury that such facts “would be evidence proper for their consideration, that it is his bond;” his meaning in the use of the expressions so much objected to, is plainly developed. We think the law was correctly stated, and that the plaintiff in error spoke and acted in a way that amounted to an ac-knowledgement that it was his bond, and that it was fairly inferable that it was executed by him. Although he did not sign it, yet if his name was put there by his direc *414 t!on, and be, acknowledged it as his act and deed, it would be Ins bond.
Catron, Ch. J. concurred. '